# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-408V
Filed: September 4, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DOROTHY E. COOPER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Damages; |
| | * | Guillain-Barre Syndrome |
| v. | * | ("GBS"); Influenza ("Flu") |
| | * | Vaccine |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Nancy Meyers, Esq.*, Turning Point Litigation, Greensboro, NC, for petitioner.
*Camille Collett, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On March 22, 2017, Dorothy Cooper ["Ms. Cooper" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccination on March 4, 2016. *See* Petition, ECF No. 1.

Respondent thereafter filed a report pursuant to Vaccine Rule 4(c) conceding that petitioner's injury was caused-in-fact by the flu vaccination that she received on March 4, 2016, and that petitioner is entitled to compensation in this case. Respondent's Report at 1, ECF No. 12.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 13, 2017, I issued a ruling on entitlement finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 13. On August 25, 2020, the parties filed a joint status report advising that petitioner and respondent had reached a proffer agreement. *See* Joint Status Report, ECF No. 63.

Respondent filed a proffer on September 3, 2020, agreeing to issue the following payments:

**A lump sum of $260,959.15, representing $150,000.00 for past and future pain and suffering, $88,160.35 in lost earnings, $14,756.47 in past unreimburseable medical expenses, and $8,042.23 in future out-of-pocket expenses, in the form of a check payable to petitioner, Dorothy Cooper.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

**A lump sum in the amount of $3,212.81, representing funds to fully satisfy the North Carolina Division of Health Benefits Medicaid lien, payable jointly to the petitioner, Dorothy Cooper, and to:**

> **North Carolina Division of Health Benefits**
> **Office of the Controller**
> **2022 Mail Service Center**
> **Raleigh, NC 27699-2022.**

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

DOROTHY E. COOPER,     )
             )
    Petitioner,     )  No. 17-408V
             )  Special Master
    v.        )  Mindy Michaels Roth
             )  ECF
             )
SECRETARY OF HEALTH    )
AND HUMAN SERVICES,    )
             )
    Respondent.    )
             )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.  Compensation for Vaccine Injury-Related Items:

On November 12, 2017, respondent filed his Rule 4(c) Report, in which he conceded entitlement. On November 13, 2017, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for her Guillain-Barre Syndrome ("GBS"). Respondent now proffers that petitioner receive an award of a lump sum of **$260,959.15,** in the form of a check payable to petitioner. The award is comprised of the following: $150,000.00 for past and future pain and suffering, $88,160.35 in lost earnings, $14,756.47 in past unreimbursable medical expenses, and $8,042.23 in future out-of-pocket expenses. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respondent further proffers that petitioner, Dorothy E. Cooper, should be awarded funds to satisfy, in full, the North Carolina Division of Health Benefits Medicaid lien in the amount of **$3,212.81**, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of North Carolina may have against any individual as a result of any Medicaid payments the State of North Carolina has made to or on behalf of Dorothy E. Cooper from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act.

## II.      **Form of the Award:**

The parties recommend that the compensation provided to Dorothy E. Cooper should be made through two lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following:[2]

(1) A lump sum payment of **$260,959.15,** in the form of a check payable to petitioner, Dorothy E. Cooper.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled; and

(2) A lump sum payment of **$3,212.81,** representing compensation for satisfaction of the North Carolina Division of Medical Assistance Medicaid lien, payable jointly to petitioner and to:

North Carolina Division of Health Benefits
Office of the Controller
2022 Mail Service Center
Raleigh, NC 27699-2022

Petitioner agrees to endorse this payment to North Carolina Division of Medical Assistance.

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*s/ Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4098
E-mail:  Camille.m.collett@usdoj.gov

Dated:  September 3, 2020